# Strause's Estate.

*Orphans' court—Jurisdiction—Bank account — Survivorship—
Right to funds.*

The orphans' court has jurisdiction finally to decide questions of property already actually in a decedent's estate, and incidentally, where the facts call for it, to decree a final surrender of such assets to outside claimants.

276, (1920).]    Syllabus—Opinion of the Court.

Where a mother and daughter deposited to their joint names a fund resulting from the sale of real estate in which the mother had but a life interest, and the mother died ten days before the daughter, and the administrator of the latter took the fund, it is not error for the orphans' court to refuse to award it to the administrator of the mother's estate.

Argued November 9, 1920.   Appeal, No. 91, Oct. T., 1920, by Daniel M. Hain, Administrator c. t. a. of Esther M. Hain, from decree of O. C. Berks County, June T., 1919, No. 33, dismissing exceptions to adjudication in the estate of Margaret Strause, deceased.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to adjudication.   Before SCHAEFFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.   Exceptant appealed.

*Error assigned,* among others, was the order of the court.

B. Y. *Shearer,* and with him *Silas B. Rothermel,* for appellant, cited: Saylor v. Bushong, 100 Pa. 23; Sloan's Est., 254 Pa. 349; Walsh's App., 122 Pa. 187; Flanagan v. Nash, 185 Pa. 41; McHale v. Toole, 258 Pa. 293; Bosler's Admrs. v. Exchange Bank, 4 Pa. 32; Leiper v. Levis et al., 15 S. & R. 108.

*Morris Strause,* for appellee, cited: McBride's App., 72 Pa. 480; Braman's App., 89 Pa. 78; Winton's App., 111 Pa. 389; High's Est., 136 Pa. 222; Law's Est., 140 Pa. 444; Coulter v. Rowe, 265 Pa. 386.

OPINION BY LINN, J., December 13, 1920:

Esther M. Hain died October 10, 1918; her daughter Margaret Strause died ten days later.   The adminis-

trator of Margaret Strause then withdrew from bank a deposit standing in the names of "Esther M. Hain or Margaret Strause." At the audit of his account in which he had duly charged himself with the amount withdrawn, the deposit was claimed by the administrator c. t. a. of Mrs. Hain. The learned president judge of the orphans' court heard the evidence and concluded that on the death of Mrs. Hain the deposit belonged to Mrs. Strause. Distribution was made accordingly.

Appellant contends that the court should have held that the fund belonged to the mother's estate and not to the daughter's. Appellee contends that appellant presented his claim in the wrong forum.

We need not now inquire how comprehensive the power of the orphans' court to determine the ownership of property claimed respectively by a decedent's estate and by another has been held to be. For the purposes of this case, the decisions are clear. The fund was realized by the sale of real estate once owned in fee by the daughter, subject to her mother's dower. The daughter conveyed the property to her mother in fee; there was evidence that she was to enjoy it only for life and to carry out that understanding, executed a will devising it to her daughter. The mother sold the property and deposited the proceeds in bank. Soon afterwards she withdrew them and both she and her daughter deposited them in the savings department of the bank in the names of "Esther M. Hain or Margaret Strause." During Mrs. Hain's lifetime, nothing was withdrawn. After her death, Mrs. Strause withdrew $75. The learned court below concluded that it was the intention of mother and daughter to create a joint interest in them in the deposit with a right of survivorship. There was evidence to support that conclusion.

In Williams's Estate, 236 Pa. 259, Mr. Justice Moschzisker reviewed a number of cases considering the jurisdiction of the orphans' court to try disputed claims to property and divided them into two classes, one being

(p. 271) "Those wherein it is ruled that the orphans' court has jurisdiction finally to decide the question of ownership of property already actually in a decedent's estate and, incidentally, where the facts call for it, to decree a final surrender of such assets to outside claimants; to this class belong......[Gaffney's Est., 146 Pa. 49]. In each of these the property claimed was actually in the estate, and therefore, at least temporarily, in the custody and under the jurisdiction of the orphans' court, when the claimant voluntarily included the assets in the account stated by him, or brought and submitted the issue of his ownership to that tribunal for its consideration. The common principle on which they turn is that under such circumstances, the court has jurisdiction to adjudicate all questions standing in the way of the distribution of assets in the estate, and when clear that they are included therein wrongfully or by mistake it may relinquish control of the property to the real owner"

In Gaffney's Est., 146 Pa. 49, it appeared that when Gaffney died, there was a deposit in bank in the name of "Hugh Gaffney, Trustee for Polly McKim." At the audit of the account of Gaffney's executor, the administrator of Polly McKim claimed the deposit, and the auditor found that the fund "while deposited as 'Hugh Gaffney, trustee,' is funds of the estate of Hugh Gaffney, and has been paid over to that estate; there being no evidence showing a donation of that money to Polly McKim, and, as a matter of law, if the money belongs to Polly McKim, the Johnstown Savings Bank is the responsible party to the administrator of Polly McKim."

Exceptions to the finding of the auditor were dismissed and his report was confirmed. That confirmation was assigned for error, and on appeal was reversed. Gaffney's executor was ordered to pay the amount to the administrator of Polly McKim. The Supreme Court said, "It does not follow that because the bank may have made a mistake and paid the money to the wrong person

the appellant is to be turned out of court. The law avoids circuity of action. The money is now in the hands of the executor of Hugh Gaffney; and if it really belongs to the estate of Polly McKim, no good reason is apparent why she should proceed against the bank, and compel it to pay the money the second time. An action for money had and received would lie against the Gaffney estate, and, if such action would lie, it may be recovered in this proceeding in the orphans' court. We think the auditor was clearly in error in finding that the money belongs to the estate of Hugh Gaffney."

The assignments of error are overruled and the order is affirmed at the cost of appellant.