## Bailey's Estate.

*Decedents' estates—Joint account—Survivorship—Evidence—Ownership.*

A decree of the Orphans'. Court, dismissing exceptions to an administrator's account, will be affirmed where there is sufficient evidence to support the decree.

Where a brother and sister deposited money to the joint accounts of both, and there is ample evidence of declarations of the deceased brother, that it was the intention that the money should be held in a joint account with the right of survivorship, the Orphans' Court does not err in not including it among the assets of the decedent's estate.

Argued April 29, 1925. Appeal No. 131, April T., 1925, by exceptants to decree of O. C. Washington County, May T., 1923, No. 10, A. A., dismissing exceptions in the Estate of James R. Bailey, deceased. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before CRUMRINE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptants appealed.

*Error assigned* was the decree of the court.

*Andrew M. Linn,* for appellants.

*B. B. Barr,* and with him, *Paul A. Core* and *Hugh E. Fergus,* for appellee.

OPINION BY LINN, J., July 9, 1925:

The point for decision is the ownership of money jointly deposited in two banks by brother and sister, to be withdrawn by either,—by "James R. Bailey or Margaret J. Bailey." The deposits were made in 1908. James R. Bailey died, intestate, in 1922. His administrators (Margaret J. Bailey was one of them) filed

their account, which did not include any part of these bank deposits—aggregating some seven thousand dollars—as assets of the estate; next-of-kin filed exceptions to the account, alleging ownership by decedent and desiring administration thereof. The court below took evidence and discharged the exceptions, finding that the deposits were made pursuant to a contract by decedent and his sister that on the death of either, the survivor should take them. The validity of that finding is the only question raised by the appeal, and in disposing of it, we need only see whether there is evidence to support the finding, for it cannot be disputed that the depositors could make such agreement.

The decedent, a bachelor, and his sister, a spinster, lived together on the latter's farm, jointly conducting it. In July, 1908, they sold a farm that had been devised to them jointly. Most of the proceeds of that sale they deposited in two banks (the accounts in question), subject to check by either. During decedent's lifetime he drew seven checks on one account, while his sister drew none; he also made several withdrawals from the other account. After his death, his sister made some withdrawals and had the accounts credited to her name alone. The assistant cashier of one of the banks testified that a short time before decedent's death, he called at the bank and stated that he wished to have the account "so that his sister Margaret would have it without any further trouble and in case of his death," and the witness replied that it was already so arranged, his words being, "I told him that according to my understanding of joint accounts it was already hers." In addition to the joint accounts, both decedent and his sister maintained separate individual checking accounts. Another witness testified that decedent told him he had been at both banks "where we have our money deposited and they both told me that if anything happened to me, that Margaret would get it"; that the money was "deposited jointly"; that "both

[the banks] told him that if anything happened to him or either of them, one or the other would get it." Another witness, decedent's nephew, who for a long while lived with decedent and his sister, testified that he had more than once heard both decedent and his sister say, referring to the two joint accounts, that if anything happened to either brother or sister, the survivor would have the deposits. This witness drove decedent to both banks a short while before decedent's death and testified that on returning home, decedent told him that the deposits were so made that if anything happened to either, the survivor would take the deposits.

Appellants contend that the fund must be administered as the decedent's property, on the allegation that there is no evidence of delivery to support a gift inter vivos or a gift causa mortis. The contention is inapplicable, because these parties were competent to agree that the sums jointly deposited should be subject to the right of survivorship. While no papers were executed by them at the banks when the deposits were made, and while the sister was considered incompetent to testify, we think the declarations of the decedent which were put in evidence, were sufficient to sustain the conclusion that he and his sister created a joint interest in themselves in the two deposits, with the right of survivorship: Strause's Est., 75 Pa. Superior Ct. 276.

The judgment is affirmed, costs to be paid by appellants.