## Artis, Appellant, v. Gerst, et al.

*Equity—Findings of fact—Appeals.*

Where a court of equity has made findings of fact from which the decree made necessarily follows, and there is evidence which amply supports the findings, the decree will not be disturbed.

Argued Oct. 25, 1912. Appeal, No. 137, Oct. T., 1912, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1911, No. 298, dismissing bill in equity in the case of Harriet Artis and John Artis, her husband, v. Carrie L. H. Gerst, widow, otherwise known as Caroline L. H. Gerst, and W. J. Morris, Constable. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to compel specific performance of contract by vendor.

The lower court found as a fact that the plaintiffs had failed to comply with the terms of the contract and dismissed the bill. Plaintiffs appealed.

*Error assigned,* inter alia, was in dismissing the bill.

*E. R. Edmundson,* for appellants.

*John E. Winner,* with him *John D. Brown,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

The plaintiffs in this case alleged compliance with

the terms of a contract for the purchase of real estate, and filed this bill in equity to compel specific performance of the agreement by the vendor. Upon the trial the court below found that the plaintiffs had failed to make payments as required under the contract, and had not paid taxes or discharged other obligations, as they were bound to do. The bill was therefore dismissed.

We do not see that this appeal involves anything but disputed questions of fact. The trial judge did not find that the plaintiffs had paid the amount claimed by them to have been paid upon the purchase price of the property, but in this respect he sustained the contention of the defendant. He also found that default had been made in the payment of taxes and certain municipal assessments which, under the terms of the contract, were to have been paid by the plaintiffs. Under these findings he was of course justified in dismissing the bill. Findings of fact will not be disturbed if they are based upon evidence from which they may fairly be deduced. Our examination of the record in this case shows that it amply supports the findings of fact by the trial judge, and his discussion of them in the opinion clearly vindicates the conclusions reached. The difficulty with the position assumed by counsel for appellants, as to the amount of the payments made by his clients, is that the evidence does not afford credible support for his contention. That was the finding of the trial judge, and we see nothing in the record inconsistent therewith, or which would justify conclusions of law differing in any way from those which he reached.

The assignments of error are overruled; and the decree of the court below is affirmed.