# Sullivan v. Hess, Appellant.

*Corporations—Stock certificates—Parol gift—Gifts inter vivos —Equity—Findings of fact—Cross bill—Decree.*

1. To constitute a valid gift inter vivos two essential elements must combine; an intention to make the gift then and there, and such an actual or constructive delivery at the same time to the donee as divests the donor of all dominion over the subject, and invests the donee therewith. The burden of proof is upon the one who claims the benefit of a gift inter vivos, and the proof must be clear and satisfactory.

2. Findings of fact of a court of equity, in the absence of manifest error, will not be reversed, especially where the findings depend in large degree upon the credibility of the witnesses.

3. Upon a contest between the administratrix of a decedent and decedent's brother and sister, upon bill and cross bill in equity, to determine whether certain shares of stock in a corporation belonged to the decedent or to the sister or in part to the brother, a finding of fact of the court below to the effect that a portion of the stock had been placed in the name of the decedent by the brother to give him control of the company, based upon competent evidence to this effect and not contradicted by anyone interested in the result, and a further finding that the certificate for the said stock, which was in the possession of the sister, had been delivered to her merely for safe keeping, upon competent evidence supporting this view was sustained and a decree awarding the part of the stock belonging to the decedent's estate to the administratrix and the other part to the brother was affirmed.

Argued March 28, 1913. Appeal, No. 231, Jan. T., 1912, by Frank Hess and Sallie S. Hess, from decree of C. P. No. 4, Philadelphia Co., March T., 1910, No. 2526, awarding certain stock to plaintiff and cross plaintiff, on bill in equity in case of Susan A. Sullivan, Administratrix of the Estate of James J. Sullivan, deceased, v. Frank Hess and Sallie S. Hess, and J. Sullivan & Sons Manufacturing Company, and cross-bill in case of J.

Russell Sullivan *v.* Susan A. Sullivan, Administratrix of the Estate of James J. Sullivan, deceased, Frank Hess and Sallie S. Hess and J. Sullivan & Sons Manufacturing Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for a declaration that certain stock claimed by one of the defendants was the property of plaintiff's decedent, and to enjoin a transfer thereof on the books of the company. A cross bill was filed by a third person by leave of court, claiming a part of the stock in question. Before AUDENRIED, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were various findings of the trial judge and the decree of the court.

*Alex. Simpson, Jr.,* for appellants.

*H. Edgar Barnes,* for Susan A. Sullivan, appellee.

*John G. Johnson,* with him *Maurice Bower Saul,* for J. Russell Sullivan, appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

Susan A. Sullivan, administratrix of the estate of James J. Sullivan, deceased, filed this bill in equity against Frank Hess and his wife, Sallie S. Hess, and The J. Sullivan & Sons Manufacturing Company to prevent the transfer of certain shares of the capital stock of the defendant company to any one else, and to compel their transfer to her. A cross-bill was filed by J. Russell Sullivan against both plaintiff and defendants, praying that a portion of the stock should be transferred to him, and a certificate for it issued to him. From the undisputed testimony it appears that in the latter part of March, or the early part of April, 1901, James J. Sullivan handed to his sister, Mrs. Hess, certificates for

2,499 shares of the capital stock of The J. Sullivan &
Sons Manufacturing Company, which stood in his name
on the books of the company.  No written assignment or
transfer of the stock was made, nor was any power of
attorney to transfer the stock, executed, and no part of
the stock in question has at any time since been trans-
ferred on the books of the company.  It there stands in
the name of James J. Sullivan.  The certificates were re-
tained by Mrs. Hess until the date of her brother's
death, which occurred March 8, 1908, but all dividends
or profits on the stock were drawn and retained by
James J. Sullivan.  His administratrix now claims this
stock as part of his estate, while Mrs. Hess and her hus-
band assert that it was given to Mrs. Hess by James J.
Sullivan to be held in trust for the benefit of the chil-
dren of Mrs. Hess, and the children of her sister, Mrs.
McMichael.  The trial judge found as matter of fact
that there was no valuable consideration for the trans-
fer of the shares of stock to Mrs. Hess, and that the cer-
tificates were delivered to her by James J. Sullivan
merely for safe keeping in order to protect him to this
extent from the results of his dissipation and specula-
tion, and were not delivered as a gift, either for Mrs.
Hess herself or for her children, or the children of Mrs.
McMichael.  The court below sustained the findings of
the trial judge, and entered a decree enjoining the trans-
fer of 1,666 shares of the stock to any other person than
the administratrix of James J. Sullivan, and ordering
the certificates to be surrendered and delivered to her.
In the cross-bill filed by leave of court, J. Russell Sulli-
van averred that 833 shares of the stock in question be-
longed to him, and that he had permitted the name of
his brother James J. Sullivan to be inserted in the cer-
tificates for the purpose only of insuring to James J.
Sullivan control of the company during his lifetime, and
under an agreement that the stock should come back to
him, J. Russell Sullivan, on the death of his brother
James.  The trial judge sustained this contention, and

ordered the 833 shares of stock to be delivered to J. Russell Sullivan. The defendants, Frank Hess and Sallie S. Hess, have appealed, and their counsel has filed fifty-one assignments of error, all of which except one are to the dismissal of exceptions to the findings and conclusions of the trial judge. The fifty-first assignment of error is to the final decree.

The controversy is essentially one of fact. If the trial judge was correct in his findings of fact, the decree was entirely justified. Counsel for appellants contends, however, that the findings of fact were erroneous, and that James J. Sullivan made an absolute gift of the stock to Mrs. Hess, for the benefit of the children. The essentials of a valid gift inter vivos have been well defined. A late statement of these requirements is found in Reese v. Trust Co., 218 Pa. 150, where our Brother STEWART said (p. 156): "To constitute a valid gift inter vivos two essential elements must combine; an intention to make the gift then and there, and such an actual or constructive delivery at the same time to the donee as divests the donor of all dominion over the subject, and invests the donee therewith." The burden of proof is upon the one who claims the benefit of a gift inter vivos, and the proof must be clear and satisfactory: Smith's Estate, 237 Pa. 115. In the present case the evidence of the appellants themselves, which the trial judge did not find convincing, was that James J. Sullivan delivered the certificates to Mrs. Hess with instructions that she was to keep them for the children. In corroboration, there was testimony that the decedent showed great affection for the children, his nieces and nephews, and subsequently in conversation had said to several persons that he had given his stock in the company to Mrs. Hess and the children or to her for the children, and that the children owned everything he had. On the other hand it appeared that the stock was never transferred by decedent on the books of the company, and that he received all dividends or profits upon the

stock up until the time of his death.  It was also shown
that in February, 1908, shortly before the death of
James J. Sullivan, Mr. and Mrs. Hess had their attor-
ney prepare an assignment of the stock in question to
Mrs. Hess individually, and not as trustee, with an
agreement on her part to turn over to the assignor,
James J. Sullivan, all benefits derived from the stock
during his lifetime.  But this agreement was never ex-
ecuted by Mr. Sullivan.  There was also testimony tend-
ing to show, and the trial judge found as a fact, that
the claim of a gift of the stock was not made by appel-
lants until some time after decedent's death, and after
efforts to compromise with the widow had been made.
It appeared from the evidence that owing to his habits
of dissipation there was good reason for the action of
James J. Sullivan in placing his stock in the hands of
his sister for safe keeping.  The trial judge found that
the evidence did not sustain the allegation of a gift of
the stock, and in this conclusion he was sustained by the
court in banc.  The rule is familiar that findings of fact
by the trial judge, confirmed by the court below, will not
be disturbed by this court except in case of manifest
error: Eppsteiner v. Isman, 239 Pa. 393; Artis v. Gerst,
238 Pa. 462.  A statement of this principle which ap-
plies aptly to the facts of this case is found in Youse v.
McCarthy, 51 Pa. Super. 306, where RICE, P. J., says
(p. 310) : "Where the correctness of a judge's finding
of fact, in a case tried before him under the equity rules,
depends upon the view to be taken of the direct testi-
mony of witnesses, the finding will not be disturbed by
the appellate court, if there be evidence to support it
and it is not clearly erroneous.  This rule does not per-
mit a perfunctory consideration of the evidence relat-
ing to facts in dispute, and is in entire harmony with
the doctrine enunciated by Justice TRUNKEY, in Wor-
rall's App., 110 Pa. 349; but it does attach great weight,
and properly so, to the superior opportunity which the
trial judge has to judge of the credibility of witnesses."

Here the credibilty of the witnesses was an important and determining factor, and obviously the trial judge was in a much better position to determine as to that than we can possibly be. We see nothing in the evidence which would justify us in disturbing the findings of fact by the court below. Clearly the delivery of the certificates of stock to Mrs. Hess did not at the time divest the donor of all dominion over the subject, and put the control thereof in the donee. On the contrary, James J. Sullivan retained the title to the stock in his own name, and retained in himself and for his own use all benefit and profit arising therefrom. His actions were consistent with the theory that the stock was deposited with his sister merely for safe keeping. His subsequent conduct was inconsistent with the theory of an absolute gift of the stock. The findings of the learned trial judge were warranted by the evidence.

As to the right of J. Russell Sullivan to receive the 833 shares of the stock, his claim thereto was admitted by Susan A. Sullivan, administratrix, in her answer to the cross-bill. If the court below was correct in holding that the defendants Frank Hess and Sallie S. Hess failed to establish a gift to Mrs. Hess by James J. Sullivan of any part of the 2,499 shares represented by the certificates placed in the hands of Mrs. Hess, then these appellants have no interest in the claim set up by the cross-bill, and have no standing to dispute it on this appeal. The only one who could question the disposition of this portion of the stock would be the administratrix of James J. Sullivan, and she makes no attempt to do so. On the contrary, through her counsel, she asks for an affirmance of the decree of the court below directing the transfer of the 833 shares of stock to J. Russell Sullivan.

The assignments of error are overruled, and the decree of the court below is affirmed.