## Sisco's Estate.

*Gift—Gift inter vivos—Delivery of bank book.*

The mere manual delivery of a bank book is not sufficient to make a valid gift inter vivos of the money on deposit shown by the book.

Argued March 8, 1916.    Appeal, No. 26, March T., 1916, by Lillie Gumaer, from decree of O. C. Lackawanna Co., No. 692 of 1905, dismissing exceptions to account in Estate of Alvah Sisco, deceased.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Exceptions to account.

From the record it appeared that Eunice Sisco, at the time of her death, had a deposit standing in her name in the First National Bank of Nicholson, being an interest account. Before her death she gave the bank book to M. B. Kennedy, telling him that she wanted this money for her daughter, Lillie Gumaer. Mr. Kennedy held the bank book, and after the death of Mrs. Sisco turned the book over to Mrs. Gumaer, in whose possession it has been since that time. Other evidence was offered to show declarations upon the part of Eunice Sisco to the effect that she had given the bank account of the First National Bank of Nicholson to her daughter, Lillie Gumaer.

The court disallowed the claim of Mrs. Gumaer.

*Error assigned* was in dismissing exceptions to account.

*A. A. Vosburg,* for appellant.—We contend that it was a valid gift and that the bank account belongs in its entirety to Mrs. Gumaer: Stephens v. Huss, 54 Pa. 20; Stephens v. Reinhart, 72 Pa. 434; Sourwine v. Claypool, 138 Pa. 126; Barclay's Est., 2 W. N. C. 447; Hani v. Ins. Co., 197 Pa. 276; Mothe's Est., 29 Pa. Superior Ct. 462; Lavelle v. Melley, 27 Pa. Superior Ct. 69; McCabe's Est., 6 Pa. C. C. R. 42.

The case of Curtis v. Bank, 77 Me. 155, decided that the delivery of a bank book was sufficient.

*Clarence Balentine,* for appellee: Walsh's App., 122 Pa. 177; Com. v. Crompton, 137 Pa. 138; Flanagan v. Nash, 185 Pa. 41.

OPINION BY TREXLER, J., May 9, 1916:

Eunice Sisco handed her bank book to Kennedy, stating at the time she delivered it to him, "I want this money for Lillie," or "Leave it to my daughter Lillie." She stated to some of her relatives that she wanted Lillie

to have everything she had and that the bank book was to be hers.

The only question is whether these facts show a valid gift. In Walsh's App., 122 Pa. 177, the subject of gifts is gone into at length by Justice WILLIAMS and applying that opinion to the facts in the case before us, it seems clear that there was no valid gift. There must be an expressed purpose to give and the purpose must be executed by delivery of the thing given to the donee or some one for his use. "In every valid gift a present title must vest in the donee irrevocable in the ordinary case of a gift inter vivos, revocable only upon the recovery of the donor in gifts mortis causa." The thing must be susceptible of delivery. The endorsement of a note or certificate of deposit passes title but the passing of the bank book of decedent did not complete the title to the money which had been deposited. As was said in the above case, the bank book was nothing more than a statement of the account. The mere possession of the book gave no right to draw the money. As a gift inter vivos, it was not good for the control of the donor over the fund continued. When the possession affords no presumption of ownership, something more is necessary than the manual delivery of the book in order to make a valid gift. The title must pass out of the donor in his lifetime or it can never reach the donee. The difficulty in the way of defendant's contention is that the decedent never parted with her title during lifetime and hence there was no delivery of the subject of the alleged gift. She had the right to draw out the whole of the money up to the time of her death and for that reason she still had title to the money. It never passed away from her while she lived and therefore there was no delivery: Flanagan v. Nash, 185 Pa. 41. See also Comm. v. Crompton, 137 Pa. 138.

The decree is affirmed. Appellant for costs.