## Yost v. Yost.

*Gift inter vivos—What constitutes—Husband and wife.*

1. To constitute a gift *inter vivos* there must be an intention to make the gift then and there and an actual or constructive delivery, but when the intent is clear and from a husband to his wife, acts of a donor may be construed as amounting to a delivery which were not free from uncertainty and ambiguity.

2. Where it appeared that the parties, who were then husband and wife, had no home of their own, the husband being away most of the time, and when they were together they resided with the parents of either one, and the husband bought a victrola, telling his wife it was for her, and had it sent to his parents' house, the ownership of the victrola was a question for the jury in replevin proceedings and their verdict sustaining the alleged gift to the wife should stand.

Replevin. Motion for judgment for defendant *n. o. v.* C. P. Lancaster Co., March T., 1924, No. 55.

*H. Frank Eshleman* and *John E. Malone*, for motion.

*John M. Groff*, contra.

LANDIS, P. J., Dec. 26, 1925.—This was an action of replevin for a victrola, brought by the plaintiff against Warren Yost, formerly her husband. The evidence for the plaintiff showed that in 1915, while the plaintiff was sick in a hospital, her husband bought the victrola from Kirk Johnson & Company and had it sent to his father's house on Conestoga Terrace, near Lancaster City. She testified that her husband then told her that he bought it for her. While this contention on her part was denied by him, yet the verdict establishes its truth.

It is, however, claimed that, as this victrola was not actually handed over to her, there was no such delivery as was necessary to establish her title, and that, therefore, judgment should be entered for the defendant notwithstanding the verdict.

These parties never had a home of their own. He worked away from this locality and was absent a great deal. Sometimes he would come back at weekends, and both of them would be together at her parents' house, and sometimes they would go together to his parents' house on Conestoga Terrace. When he was away, she lived at her parents' house. We charged the jury that if they believed "under all the facts that he did give it to her, then" they might "find in favor of the plaintiff." If they believed "that he did not give it to her, that he sent it to his father's house and kept it there and it was his and not hers, then" they would "find a verdict in favor of the defendant."

The general rule is that one *sui juris* and *compos mentis* has the right, in the absence of fraud, to make a gift *inter vivos* of his property. But to constitute such a gift, there must be an intention to make a gift, expressed in words or acts. It was held in Malone's Appeal, 38 Legal Intell. 303, in a *per curiam* opinion, that "if a valid gift was made, it is of no consequence, as between husband and wife, that the former subsequently became the custodian of it."

It is true that in Reese *v.* Philadelphia Trust Co., 218 Pa. 150, it was said by Stewart, J., that "to constitute a valid gift *inter vivos*, two essential elements must combine: an intention to make the gift then and there, and such an actual constructive delivery at the same time to the donee as divests the donor of all dominion over the subject and invests the donee therewith." See, also, Sullivan *v.* Hess, 241 Pa. 407. In Leitch *v.* Diamond National Bank, 234 Pa. 557, it was stated that "if the language used by a donor is clear and unambiguous, showing a clear intent to make a gift and a belief on his part that he had done all that was necessary to complete it, then the act of delivery,

Yost *v.* Yost.

if slight and ambiguous, will be aided thereby, not, however, dispensing with an actual delivery, but rendering the gift valid, where it would be deemed invalid if the acts of delivery were uncertain and ambiguous." The court then continues: "The relation of husband and wife is so close, and their every-day life is so blended, that it is often difficult to tell when the husband has perfected a gift to his wife by delivery. . . . The law takes cognizance of these relationships, of the daily contact of such a donor and donee, of the blending, as it were, of their daily walks and acts, and will construe an act to amount to a delivery where it often would not if the donor and donee were not members of the same family. The law does not dispense with an actual or constructive delivery, but it accepts the acts of the donor, if a clear intent to give is shown, as amounting to a delivery."

Therein often, and we think in this case, arises a question of fact which must be determined by a jury. Here, the parties had no home of their own. The defendant was away most of the time. When he was in this locality, they were together with the parents of each respectively. He bought the victrola and told his wife he had bought it for her, and if this was so, it was hers as a gift, even though he sent it to his father's home. We think the jury alone could determine this question. In Patterson *v.* Dushane, 115 Pa. 334, it was held that, though the evidence of a gift be weak, if there be more than a scintilla, it would be error not to submit it to the jury; and in Hess *v.* Brown, 111 Pa. 124, that there being sufficient evidence to submit to the jury, the question of gift is for them, where the evidence is equivocal or conflicting.

We are of the opinion that it was the province of the jury to decide this case, and that, for this reason, the motion should be denied.

Motion for judgment *non obstante veredicto* denied.

From George Ross Eshleman, Lancaster, Pa.