## Grigonis's Estate.

Argued March 18, 1927. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*O. K. Eaton,* with him *Eckles & Davis,* for appellant.

*Harry S. Dunmire,* with him *R. T. M. McCready,* for appellees.

PER CURIAM, April 11, 1932:

This appeal is from the refusal of the court below to recognize in its distribution account, as valid, appellant's claim to personal property of decedent as a gift causa mortis.

Three days before his death, Joseph Grigonis, who lived at the home of appellant, decided to become a patient in a near-by hospital because of a serious illness. Anticipating death, he handed appellant pass books for five bank accounts, stating, in the presence of witnesses, that he expected to die and "if he did not come back they should be hers." The books were for deposits in three banks, one a checking account and four savings accounts, two of the latter being in the name of decedent in trust for two brothers as designated.

The court below found that, although decedent's intention to make the gift was clearly stated, his action in delivering only the pass books to claimant was not sufficient to divest his title to the bank accounts and make a complete gift to donee, in the donor's lifetime, with the rights and powers of ownership, as is required under Walsh's App., 122 Pa. 177, 187, 190, to constitute a valid gift causa mortis, intent alone not being sufficient (Ibid., 186-7). Here, as in that case, the mere possession of the pass books did not entitle one to the money on deposit, the depositor's signature on a withdrawal order, check, assignment of the account, or similar paper being essential to show the right of a third party, or even of the depositor himself, to the money in bank. Lacking such authorization, claimant could not have asserted title to the accounts in the donor's lifetime, and the decree of the court below dismissing the claim must be affirmed.

We may add that we find nothing convincing in appellant's argument on the point that the principles laid down in Walsh's App., supra, as to elements necessary to constitute a gift causa mortis, have been overruled. That case expressly differentiates between the possession of pass books and of other choses in action as evi-

dence of ownership, which excludes from consideration most of the cases cited to us. In Bulakowski v. Phila. Saving Fund Society, 270 Pa. 538, cited by appellant, where the depositor's bank book was stolen and presented with a withdrawal notice containing a forged signature, the bank book was held not to be so much an evidence of ownership of the money as identity of the person claiming ownership, and the money was not paid to applicant on presentation of the pass book alone. The case is without value as tending to show that possession of a pass book invests the holder with ownership in the bank account referred to therein.

The decree is affirmed at cost of the estate.