### Estate of Lewis H. Eshenbaugh, Deceased.

Argued March 15, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert L. Myers, Jr.,* and with him *John E. Myers,* of *Myers & Myers,* for appellant.

*Ida G. Kast,* and with her *Bowman & Bowman,* for appellee.

OPINION BY KELLER, J., October 3, 1934:

Lewis H. Eshenbaugh lived with his daughter, Emma J. Eshenbaugh, in Shiremanstown, Pa., in a house which he had given her, No. 232 East Main Street. He had also given her three other houses: No. 226 East Main Street, by deed dated February 19, 1915; and Nos. 228 and 230 East Main Street, by deed dated August 30, 1925. He died on August 1, 1930, intestate, leaving nine children. Letters of administration were granted on his estate to a married daughter, Anna M. Hershman.

She filed an account showing a balance for distribution of $2,724.47.

Included in the debit side of the account were the following items, which had been inventoried and appraised as the decedent's property: Balance due on principal of note of A. M. Hess, $600; interest on same, $66; checking account in Central Trust Company, $308.85; Savings Account No. 6024 in Central Trust Company, $1,235.56; checking account in the Shiremanstown State Bank, $243.59; Savings Account No. 362 in the Shiremanstown State Bank, $853.65. Exceptions were filed to the account by Emma J. Eshenbaugh, and an auditor was appointed to pass on the exceptions and make distribution.

Emma J. Eshenbaugh, decedent's daughter, claimed all of these items under an alleged gift of them made by her father to her on May 24, 1930, in the following described manner. A man, who worked on the place, testified that on that date he saw Lewis H. Eshenbaugh take from his desk four bank books—not describing them—, a note— which he did not see—, and two blank checks, which he handed the witness and said: "I am going to give these to Emma and the only thing she has got to do now is to put her name on those checks and the money will be hers;" that he then got up, walked to the hall and called Emma in; when she

came into the hall he handed her "this pile of books, notes and says: 'Emma, I am going to give these to you now, the only thing you have got to do is to put your name on and everything is yours.'"

Without presenting any formal claim, Emma J. Eshenbaugh also produced evidence that her father had collected rents from the tenants in the houses, Nos. 226, 228 and 230 East Main Street, and offered in evidence a number of receipts for rent signed by Lewis H. Eshenbaugh totalling $1,172, among them a batch given by him to William Miller, tenant of No. 226 East Main Street between March 20, 1922 and August 1, 1924, amounting to $186. The auditor found that Lewis H. Eshenbaugh had received these rents as the agent of his daughter, Emma, and had not paid them over to her. He gave no credit for repairs and taxes paid by Lewis H. Eshenbaugh on account of said properties for the six years before his death, $495.21, but awarded Emma, as a creditor, the full sum of $1,172. He also sustained her claim to the ownership, by gift, of the Hess note and the checking account and savings account in the Central Trust Company and the checking account and savings account in the Shiremanstown State Bank, and awarded her the balance of the estate as the proceeds of said items.

The court sustained exceptions to the auditor's report as respects the finding of a completed gift by the decedent to his daughter Emma of (1) the checking account in the Central Trust Company; (2) the savings account in the Central Trust Company; (3) the checking account in the Shiremanstown State Bank; and (4) the savings account in the Shiremanstown State Bank; and also an exception to the refusal of the auditor to allow the decedent credit for $495.21 expended by him, as his daughter's agent, for taxes and repairs to her properties while he was collecting her rents. The court also held that the rents collected by

the decedent from William Miller between March 20, 1922 and August 1, 1924, amounting to $186, were barred by the statute of limitations; although no objection had been made by the administratrix or the children on that ground. Emma J. Eshenbaugh appealed.

(1) We have no difficulty with respect to the main issue. The court was, in our opinion, right in holding that the facts in evidence failed to establish a completed gift inter vivos of the four bank accounts—two checking and two savings. Appellant admits that the decisions in this State are clear that the mere delivery by the decedent to appellant of the four bank books, although accompanied by words showing an intention to make a gift of the bank accounts to her, would not amount to a valid gift of the moneys in bank to her. See Walsh's App., 122 Pa. 177, 15 A. 470; Grigonis's Est., 307 Pa. 183, 160 A. 706; Sisco's Est., 63 Pa. Superior Ct. 147. She claims, however, that the delivery to her of the two *blank* checks,—one on each bank— signed by the decedent, was a constructive delivery of the bank accounts, both checking and savings, in both banks. The decisions in this State rule otherwise. Neither check was made payable to the appellant, nor was it for any specified amount; and while under Section 14 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, the delivery of the signed blank checks to the appellant carried with it a prima facie authority to complete the blanks and fill them up for any amount, this authority had to be exercised during the lifetime of the drawer, as in Bryant v. Bryant, 295 Pa. 146, 158, 144 A. 904. See Kern's Est., 176 Pa. 373, 35 A. 231. They never were completed or filled up by this appellant. The delivery of a check is not an executed gift of the money, and will be revoked by the death of the drawer before actual payment: Kern's Est., 171 Pa. 55, 33 A. 129; except where the

check is drawn for the whole and exact amount in the bank, in which case it will be sustained as an equitable assignment of the fund: Taylor's Est., 154 Pa. 183, 26 A. 1061; Campbell's Est., 274 Pa. 546, 118 A. 547; Vance's Est., 106 Pa. Superior Ct. 467, 162 A. 346. But there is no equitable assignment where the check is for less than the full bank account: Oldfield's Est., 72 Pa. Superior Ct. 340; or is left blank as to the amount and to whom payable. The donor must part with all title to and control over the funds (Kaufmann's Est., 281 Pa. 519, 127 A. 133), and vest in the donee a present and irrevocable title: Allhouse's Est., 304 Pa. 481, 156 A. 69; Stewart's Est., 309 Pa. 204, 163 A. 754; Gallagher's Est., 109 Pa. Superior Ct. 304, 167 A. 476. Until filled in for a definite amount, payable to a named person, presentation to the banks of the checks which were handed the appellant would have availed the appellant nothing, and the banks could legally have paid nothing on account of them. And unless so filled in and drawn for the exact amount standing to the credit of the drawer, the death of the drawer would have revoked the gift before actual payment: Kern's Est., 171 Pa. 55, 33 A. 129; Kern's Est., 176 Pa. 373, 35 A. 231. As a matter of fact the decedent drew checks on both banks, after the date of the alleged gift of the blank checks to appellant, and received the proceeds. A signed check which is blank both as to the name of the payee and the amount to be paid, is not such a transfer of the fund in bank by written assignment, as required in Reap v. Wyoming Valley Trust Co., 300 Pa. 156, 150 A. 465; nor is it a constructive or symbolical delivery of the fund, such as was upheld in Elliott's Est., 312 Pa. 493, 167 A. 289 and Leadenham's Est., 289 Pa. 216, 137 A. 247, where delivery of a key to a safe deposit box was held to be a delivery of the contents of the box.

(2) The auditor found that the decedent had re-

ceived rents from the tenants of his daughter's houses as her agent. If he was her agent in the collection of her rents he would have the right to take credit for rent moneys expended by him for her account for repairs and taxes. It is too clear for argument.

(3) With respect to the deduction of $186 from appellant's award for rents received by decedent as her agent, because of the statute of limitations, the matter is not so clear. It is the undoubted rule that the statute of limitations must be pleaded in bar of a claim. It is not a defense of which the court will take judicial notice, nor will a demurrer to a statement, or question of law in lieu of a demurrer, be sustained because the statement, on its face, shows a claim over six years old: Barclay v. Barclay, 206 Pa. 307, 55 A. 985; Kittera's Est., 17 Pa. 416, 423; Claghorn's Est., 181 Pa. 600, 37 A. 918. And in Gill's Est., 268 Pa. 500, 504, the Supreme Court said: "The alleged bar of the statute [of limitations] seems to have been first suggested on the filing of exceptions to the adjudication. It was then too late." But that case involved a written instrument relating to an indebtedness for a definite amount payable on a certain date. Here no specific or itemized claim or demand, oral or written, was presented for a definite amount. The exceptant merely presented testimony relative to her alleged claim, without previously giving any notice of its nature or age or that it embraced items more than six years before the filing of the account: Koonce's Est., 105 Pa. Superior Ct. 539, 161 A. 578; Ritchey's Est., 8 Pa. Superior Ct. 527. No statement, or demand in the nature of a statement of claim, was presented before the auditor—no pleading or itemized claim in the nature of a pleading—to which the administratrix or the heirs (Claghorn's Est., supra) could plead the statute as a bar. However, we need not rule definitely on this point, for we are of opinion, that the credits paid by

the decedent for taxes and repairs, which were paid within six years of the receipt of the Miller rents, were properly applicable to the oldest debt due by him and in the absence of a different application by him, which does not appear, the law will so apply it. These amount to more than the $186 deducted by the court.

The order of the court below is modified by increasing the award for rents payable to appellant from $490.79 to $676.79, and the awards to the children are correspondingly reduced, and are subject to transfer inheritance tax, if not already paid. As thus modified, the decree is affirmed. Each party to pay her own costs.