## Disken's Estate

*Edwin S. Dixon, Jr.*, and *Louis Freyling*, for exceptant.
*John H. J. Quigley*, contra.

VAN DUSEN, J., June 8, 1934.—This is a summary proceeding by an administratrix to recover money alleged to belong to the estate. Decedent, a few days

before her death, delivered to the respondent decedent's passbook of a saving fund society. At the same time, she executed a letter of attorney constituting respondent decedent's attorney-in-fact with authority, inter alia, to make withdrawals from the account. Upon receipt of such documents, respondent presented the bankbook and letter of attorney to the bank and gave notice of intention to withdraw the entire fund. Before the date of the expiration of notice, the decedent died. Without notice either to the bank or to the administrator, the respondent thereafter collected the full amount of the deposit. She claims under an alleged inter vivos gift.

The master to whom the issue was referred ruled that because the deposit was in the name of the decedent at the time of the death, and the validity of the letter of attorney expired with the death of decedent, the fund was presumptively an asset of the estate; that under the evidence produced the respondent did not affirmatively establish an inter vivos gift. The master accordingly decided that this court possessed jurisdiction to determine this issue, and under the evidence recommended a decree ordering respondent to turn over this fund to the administrator. With this we agree.

The orphans' court has jurisdiction to direct a respondent to pay over to an administrator money in the possession of the respondent, which belonged to the decedent at the time of her death. But if there be a substantial dispute of fact as to whether it was the money of the decedent at the time of her death, the court has no jurisdiction, and the issue must be determined by a jury. The preliminary inquiry, therefore, is to determine whether such a dispute exists: Jeffries' Estate, 16 D. & C. 808; Blaszcak's Estate, 90 Pa. Superior Ct. 589; Gallagher's Estate, 109 Pa. Superior Ct. 304; Williams' Estate, 236 Pa. 259; Connell's Estate, 282 Pa. 555. As the savings fund account was presumptively an asset of the estate, in the circumstances of this case, the burden rested upon the respondent to establish a gift inter vivos. This burden the respondent did not meet. To establish a valid gift inter vivos, there must be a present irrevocable title: Walsh's Appeal, 122 Pa. 177. Said Mr. Justice Williams in Walsh's Appeal (p. 187): "In the case of money on deposit or loaned out, the certificate of deposit or the bill, note or bond may be delivered properly indorsed, and it will confer on the donee an absolute title to the fund represented by it. But if there remains something for the donor to do before the title of his donee is complete, the donor may decline the further performance and resume his own." See Grow's Estate, 17 Dist. R. 419; Grigonis' Estate, 307 Pa. 183; Vance's Estate, 106 Pa. Superior Ct. 467.

The disposition must be "beyond recall, accompanied by an irrevocable delivery, actual or constructive": Packer et al., Execs., v. Clemson, 269 Pa. 1; Allshouse's Estate, 304 Pa. 481. The mere delivery of a passbook and a letter of attorney does not necessarily import a gift. Upon its face, such a transaction is but an agency. It would be quite different if such delivery were accompanied by an assignment or other transfer of title. Furthermore, the letter of attorney was revocable at will, and therefore the alleged gift was not completed.

The evidence of a gift inter vivos must be clear and satisfactory: Sullivan v. Hess, 241 Pa. 407; Turners' Estate, 244 Pa. 568; Allshouse's Estate, 304 Pa. 481; Leadenham's Estate, 289 Pa. 216, 219; Vance's Estate, supra.

The evidence of the notary (who supervised the execution of the letter of attorney and who took the acknowledgement) speaks by indirection and is bare of details. The first part of it is consistent with the desire of the decedent to

put the money in the respondent's hands for the decedent's purposes. The use of the word "gift" is in response to a leading question. The respondent, because of interest, was an incompetent witness: Blaszcak's Estate, supra. She was rendered competent when she was called for cross-examination. We would be unwilling to sustain a verdict upon the quality of the testimony which has been produced.

For these reasons the exceptions to the master's report are dismissed, and the decree recommended by him will be entered.