## Fox, Admr., *v.* Fox, Appellant.

Submitted December 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*B. J. Duffy,* for appellant.

*H. O. Bechtel,* for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

William C. Fox, a resident of the City of Pottsville, died intestate on October 5, 1934, leaving to survive him, W. Clay Fox, a son, Ross S. Fox, a son, and Catherine Fox, a daughter. Letters of administration were granted to Ross S. Fox on the estate of William C. Fox by the register of wills on November 30, 1934.

On September 30, 1934, William C. Fox executed and delivered to W. Clay Fox a power of attorney. This power of attorney authorized W. Clay Fox "to make,

sign, draw and endorse checks or drafts" against the account of the decedent in the Miners' National Bank of Pottsville, but is entirely silent as to what shall be done with the money after it shall have been withdrawn. Pursuant to the Power of Attorney, W. Clay Fox, in company with his brother, Ross S. Fox, presented the said power of attorney to the Miners' National Bank and drew a check for $50 against said account and later, on October 2, 1934, withdrew the sum of $1,244.86, being the entire balance remaining in said account, and placed the same in his safe deposit box in said bank. The same was withdrawn and paid over to defendant on a so-called "counter check" or receipt. The bank official, however, later testified that this box was in the name jointly of W. Clay Fox and Ethel Fox, his wife. On the same day, W. Clay Fox also had access to the safe deposit box of his father, William C. Fox, deceased, and obtained possession of certain certificates of stock belonging to his father. He also received and took into his possession, a check issued by the Lodge of Odd Fellows in the name of the Estate of William C. Fox, for the sum of $500, representing death benefits due to the said William C. Fox from said lodge.

On January 2, 1935, Ross S. Fox, Administrator aforesaid, filed his bill in equity, praying that W. Clay Fox be declared a trustee ex maleficio of the estate of William C. Fox, deceased, to the extent of the moneys collected and securities held by him as therein set forth.

An answer was filed by the defendant, substantially admitting the material averments of the bill. The answer, inter alia, averred "All the money represented by that Bank account was applied to the indebtedness of defendant's parents to the debt to Ethel F. Fox" (wife of defendant).

The case was heard by PALMER, J., sitting as Chan-

cellor. Testimony was presented on behalf of complainant, sustaining the averments of the bill.

No testimony was presented on behalf of defendant, excepting one witness by whom it was attempted to show that a check in the sum of $500 issued to the estate of William C. Fox by the Miners Lodge No. 20 I. O. O. F. and which was received and in possession of defendant, had been issued in the manner stated by mistake. Objection thereto was sustained by the court as being irrelevant.

There was absolutely no evidence to show the actual application of the $1,244.86 to the claim of Ethel Fox, the wife of the defendant.

The Chancellor found the facts in accordance with the averments of the bill and entered a decree nisi, declaring the defendant trustee of all property of the Estate of William C. Fox in his possession, and directing him to deliver the same unto Ross S. Fox, administrator of the Estate of William C. Fox, deceased.

Exceptions to the findings and conclusions of the Chancellor were dismissed after argument before the court in banc, and final decree entered, in accordance with the decree nisi. Defendant appealed.

Appellant contends that the conclusions of law and the order and decree of the court are not supported by any findings of fact made by the Chancellor in this case. Appellant claims that there is no finding by the Chancellor that either of the withdrawals were irregular, fraudulent or in excess of or beyond the power of the donee as set forth in the power of attorney, and there being no such finding, there could therefore be no conclusions of law as made by the Chancellor, declaring the donee, W. Clay Fox, a fiduciary or a trustee, as to such moneys, or that the donee of the power was intended to account for the same in any manner whatsoever.

Quoting from the opinion of the Chancellor: "But without regard as to how he came into ownership of

the property in question, the equitable right thereto lies in the Estate of William C. Fox and the personal representative thereto. In order to satisfy the demands of justice we do, however, declare W. Clay Fox to be a trustee of this property. He acquired the property by a properly executed power of attorney and other legal means, but he does not deny that he held the property for the use of his father, William C. Fox, and therefore it is a part of his father's estate and he is acting in a fiduciary capacity. Under the facts and pleadings, we declare W. Clay Fox a constructive trustee of this property. To do otherwise would be to impute an intention on the part of the father, William C. Fox, to give the property in question to W. Clay Fox."

$1,244.86 of the funds on deposit were withdrawn, not by a check, but were paid in cash to defendant by the bank and defendant gave to the bank a "receipt" therefor. (Exhibit No. 2.) Appellant claims that this is not in excess of the authority vested in the donee by the donor. We do not consider that this withdrawal of the entire fund and the placing of the same in the safe deposit box of defendant and wife was an exercise of the power conferred, or the exercise of any power in the manner provided under the instrument.

There was nothing in the Letter of Attorney indicating any purpose for which the money, if any was withdrawn, was to be used. The decedent was ill only eight days after the Letter of Attorney was executed September 29, 1934. He had suffered a stroke and was too weak to sign any checks himself. The apparent purpose in executing the Letter of Attorney was for the benefit and convenience of the father, William C. Fox. On October 2 the whole fund had been withdrawn. No apparent necessity for its withdrawal had been established. Decedent died October 5, three days thereafter.

Appellant ignores the functions and duties of an agent and his responsibility to account.

Quoting from the opinion in *Porges v. U. S. Mortgage & Trust Co.*, 203 New York Reports, 181, on p. 190: "A power to act for another, however general its terms, or wide its scope, presupposes integrity and faithfulness in its exercise and cannot be enlarged by implication or construction to the justification of a diversion to the use of the agent of moneys or property subject to the agency. Manifestly this instrument did not transfer to Hoyt the ownership of the property to which it related. By virtue of it Hoyt was the plaintiff's attorney or agent with the powers it contained and for the purposes it prescribed. The law will not permit an attorney or agent under color of the authority bestowed by his principal to apply the property of that principal to his own use. That is a breach of trust which a court will not sanction or tolerate. (*Robinson v. Chemical National Bank,* 86 N. Y. 404; *Wright v. Cabot,* 89 N. Y. 570; *Kern's Estate, Gilpin's Appeal,* 176 Pa. 373)."

As stated in the opinion of the lower court, dismissing exceptions: "Upon the death of any person, his personal property becomes a part of his estate. His estate is represented by his personal representative. Any person holding any personal property of the deceased, holds the same for the benefit of the estate and is therefore holding as a fiduciary. One who acting in a fiduciary capacity refuses to relinquish his possession is what is termed a 'constructive trustee or a trustee maleficio.' Therefore, we reached the conclusion that W. Clay Fox, by virtue of his holding in his possession certain property of the Estate of William C. Fox is trustee of the property thus held."

Under the evidence in this case, it is practically admitted that the defendant holds the moneys and securities in his possession by virtue of the power of attorney and therefore necessarily in trust for the decedent or his legal representatives.

This case clearly comes within the doctrine enunci-

ated in the opinion of the Chancellor, wherein he says, quoting from 65 C. J. 223, sec. 14: "Constructive trusts are trusts not created by words expressed or implied, evincing an intention to create a trust, but by the construction of equity, in order to satisfy the demands of justice."

In the decree, the defendant is directed, inter alia, "to deliver the sum of $1,294.86, the sum of $50, etc." Through inadvertence, the lower court neglected to deduct the latter sum, $50, from $1,294.86, the total amount of the bank account, as it originally existed. The sum of $1,294.86, should, therefore, be reduced to $1,244.86, and the decree is modified accordingly.

The assignments of error are overruled and the decree of the lower court, as modified, is affirmed. Costs to be paid by appellant.