*218 OPINION.
Smith :
The question for our determination is whether the decedent made a completed gift of all of his shares of stock of the International Petroleum Co., Ltd., to his wife and children prior to the taxable year 1934.
A statement frequently found in the decisions is: “To constitute a valid gift inter vivos, there must be a gratuitous and absolute transfer of the property from the donor to the donee, talcing effect immediately and fully executed by a delivery of the property by the donor, and an acceptance thereof by the donee.”
The requisites of a valid gift inter vivos are: (1) A donor competent to make the gift; (2) a donee capable of accepting the gift; (3) a clear and unmistakable intention on the part of the donor to divest himself of title, dominion, and control over the subject matter of the gift; (4) an irrevocable transfer by the donor to the donee, or to someone acting as trustee or agent for the donee; and (5) an acceptance of the gift by or on behalf of the donee. See Adolph Weil, 31 B. T. A. 899, and cases therein cited. See also In re Kaufmann's Estate, 127 Atl. 133; Sullivan v. Hess, 241 Pa. 407; 88 Atl. 544.
In Edson v. Lucas, 40 Fed. (2d) 398, the court said that:
The respondent’s contentions are that the decedent did not intend to make completed gifts of the shares of stock in question; that there was no delivery of the shares to decedent’s wife and children; and that decedent did not divest himself of all dominion and control over the shares.
The decedent’s intention to make completed gifts of the shares in question to his wife and children is clearly established by the evidence. The decedent himself testified that such was his intention and his testimony was corroborated by other witnesses to whom he had divulged his intention before the gifts were made. Subsequent events likewise bear evidence of decedent’s intention to make absolute gifts of the shares to his wife and children. He gave notice to the International Petroleum Co.’s agent, to his bank, and to the tax authorities that he had made such gifts. He asked and obtained the consent of his wife and children before making use of the shares for collateral *219 deposit on his indebtedness. Although the dividends on the shares were deposited in decedent’s and his wife’s joint bank account and some of them used by the decedent, this was done with the full knowledge and consent of the wife and children and the decedent gave them his promissory notes for the amounts of the dividends to which each was entitled, less the amounts which they had received personally on their shares.
In Essie Irene Gaffney, Executrix, 36 B. T. A. 610, we said:
If a valid gift inter vivos lias been made, it is of no importance wbat the donee thereafter does with the income from the property. In the ease of a bona fide gift by a husband to his wife, the wife may thereafter dispose of the income as she chooses. She may lend it to her husband, or may indeed make a gift of it to him, without invalidating the gift to her of the res. * * *
The gifts were complete when the decedent with the intention to make the gifts placed the shares in the envelopes of each of the donees, informing the donees of what he had done, and the donees accepted the gifts. There was a delivery of the shares when the donor, with the intention of making the gifts, placed the shares in the envelopes of each of the donees in the safe deposit boxes to which they all had access, except possibly Karl, who could enter the safe deposit boxes only when in the company of one of the other members of the family. Each of the donees kept other personal belongings in these envelopes. See Blanche S. Ross, 28 B. T. A. 39; Beaumont v. Beaumont, 152 Fed. 55; Smith v. Commissioner, 59 Fed. (2d) 533.
On facts somewhat similar to those in the instant case the Board determined in Adolph Weil, supra; affd., 82 Fed. (2d) 561; certiorari denied, 299 U. S. 552; that there was not a completed gift of shares of stock by a father to his minor children. There, the father placed the shares in envelopes bearing the names of each of the children, with the declared intention of making gifts of such shares, but he retained exclusive possession and control of the stock for the purpose of selling it in accordance with a predetermined plan. We held that the father intended to make gifts not of the shares of stock themselves but of the proceeds from the sale of the stock. In final analysis that case is distinguishable from the instant case, since here the donor had the intention to make completed gifts in praesmü of the shares of stock which he placed in the envelopes of the donees.
Among other cases relied upon by the respondent are Charles S. Hempstead, 18 B. T. A. 204; Theodore C. Jackson et al., Administrators, 32 B. T. A. 470; Oscar G. Joseph, 32 B. T. A. 1192; Arthur M. Godwin, 34 B. T. A. 485; and Lunsford Richardson, 39 B. T. A. 927. All of those cases are distinguishable from the instant case in one or more of their essential features. For instance, in the Joseph case the *220 husband who purportedly made a gift of stock to his wife thereafter used the stock for his own purposes without consulting his wife; sold some of the shares and reported the gains in his income tax returns as his own; and received all of the dividends on the shares without any restrictions as to their use. The Richardson case also involved an alleged gift from husband to wife. There, however, we found that the husband:
* * * made no effort to place the stock within the dominion and control of his wife. * * * Neither did he make any constructive or symbolic delivery of the subject matter of the gift. He was content to let the stock remain under his dominion and control in his safe deposit box, to which his wife had no access. * * *
In the Commonwealth of Pennsylvania the courts require a “less quantum of evidence” to establish a gift where a relationship such as that of parent and child exists than where such relationship does not exist. See Theodore C. Jackson et al., Administrators, supra; Northern Trust Co. v. Huber, 274 Pa. 329; 118 Atl. 217; In re Yeager's Estate, 273 Pa. 359; 117 Atl. 67.
On the evidence of record we determine that the decedent made completed gifts of all of his shares of stock of the International Petroleum Co., Ltd., to his wife and son and daughter in 1927 and 1929. It follows that the dividends on such shares in the years 1934, 1935, and 1936, the years involved in this proceeding, were not income of the decedent.
The issue as to the validity of the gifts being determined in petitioners’ favor, it is not necessary to consider the alternative issue pertaining to the credit for taxes paid to the Dominion of Canada on the dividends in question.

Decision will be entered wider Rule 50.