# Grady *v.* Sheehan, Appellant.

*Wills—Banks and banking—Deposit in joint names—Agreement
—Testamentary character—Death of one depositor—Gift inter
vivos—Jurisdiction, O. C.*

1. Where a person deposits his own money in a savings fund in
the joint names of himself and another under a stipulation that
either may draw the fund, or the survivor may draw it, and the
owner dies, the survivor of the two cannot, in the absence of any
other evidence, establish title to the fund as a gift inter vivos.

2. Where money was deposited in a savings fund in the joint
names of the depositor and his sister, and at the same time a paper
was lodged with the savings fund by the depositor stipulating,
"either party to draw, and in case of death of either of them, the
survivor shall have full power to withdraw the deposits as if the
same had been duly transferred to such survivor......I hereby
further declare that my intention in so doing is, that, in the event
of my death, the said (sister, naming her) shall have full power
to unconditionally withdraw the balance of said deposit and to ab-
solutely possess and retain it for her own use and benefit. Pro-
vided, however, that so much of it as may be necessary for the pur-
pose shall be applied to the payment of my lawful debts and the ex-
penses incidental to my last illness and burial," such paper is tes-
tamentary in character and the fund should pass to the adminis-
tratrix for distribution through the Orphans' Court; and in an
action by the administratrix against such sister of the decedent for
the recovery of such fund a verdict and judgment for the plaintiff
will be sustained.

Argued Jan. 12, 1917. Appeal, No. 172, Jan. T., 1916,
by defendant, from judgment of C. P. No. 4, Philadel-
phia Co., Sept. T., 1912, No. 1367, on verdict for plaintiff
in case of Mary A. Grady, Administratrix of the Estate of
Thomas F. Grady, Deceased, v. Mary Sheehan. Before
MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER,
JJ. Affirmed.

Assumpsit to recover part of assets of decedent's es-
tate.

The facts appear from the following opinion by FIN-
LETTER, J.:

Thomas F. Grady, on February 23, 1912, with his own
moneys opened an account with the Beneficial Saving
Fund Society, in the joint names of himself and his sister,
Mary Sheehan, the defendant, subject to the following
conditions:

"Either party to draw, and in case of death of either
of them the survivor shall have full power to withdraw
the deposit as if the same had been duly transferred to
such survivor."

Grady died on March 27, 1912. No withdrawals had
been made up to that time by either party. After his
death, Mrs. Sheehan withdrew the whole deposit. It is
to recover the amount of the deposit that Grady's admin-
istratrix (who is his widow) brings this suit upon the
theory that the transaction between Grady and Mrs.
Sheehan was a gift, and being unexecuted and without
change of the intended donor's dominion, is ineffective.

There is no doubt that, unless something further ap-
pears, the plaintiff's contention is correct.

(Flanagan, Admr., v. Nash, 185 Pa. 41.) Upon the
authority of this precedent, the trial judge directed a
verdict for the plaintiff for the amount of the deposit
with interest. We are now asked to review this action
and enter judgment n. o. v. for the defendant in view of
the following additional circumstances.

At the time the deposit was opened the following paper
was lodged with the saving fund: ·

"Philadelphia, Pa., Feb. 23, 1912.

"I, Thomas F. Grady, having this day opened a De-
posit Account with The Beneficial Saving Fund Society
of Philadelphia, in the names jointly of myself and
sister Mary Sheehan under the following conditions:

"'Either party to draw, and in case of death of either
of them, the survivor shall have full power to withdraw
the deposit as if the same had been duly transferred to
such survivor'—which conditions are imprinted upon my

Deposit Book No. 66986. I hereby further declare that my intention in so doing is, that, in the event of my death, the said Mary Sheehan shall have full power to unconditionally withdraw the balance of said deposit and to absolutely possess and retain it for her own use and benefit. Provided, however, that so much of it as may be necessary for the purpose shall be applied to the payment of my lawful debts and the expenses incidental to my last illness and burial.

"Nothing herein declared, however, shall be construed as binding the Beneficial Saving Fund Society, in any way, to the carrying out of the foregoing proviso; my confidence in the integrity of the said Mary Sheehan being such as to entrust the matter entirely to her for execution.

"Witnesses:
  "(Signed)  JAMES J. MURPHY,
          "C. F. HUGHES.
                    "THOMAS F. GRADY (Seal)."

It also appeared that both parties were present at the office of the saving fund when the deposit was made, and that both signed the signature book, and that the deposit book was given into the defendant's possession.

It is conceded by the defendant that the right of either to draw, standing alone, and in the absence of any act or declaration of intention on the part of the donor that the account was put in that form for any other purpose than his own convenience would vest no title to the deposit in the defendant. But it is urged that the decision in Flanagan v. Nash recognizes that such a result must yield to proof of a different intention upon the part of the donor, and that an intention to create a joint tenancy in the fund, with right of survivorship, is evident from the paper last above quoted, and the delivery of the deposit book.

It may be conceded that the full control which one has over his personal property includes the right to create such a joint ownership and survivorship either for a

consideration or by gift.  But if created by way of gift, it is subject to the rules governing gifts, among which is that requiring delivery.  Being a chose in action and incapable of manual delivery, delivery can only be made by means of written assignment.  This, it has been held, must be an assignment in præsenti.  The assignment by gift even of a promissory note has been held to be executory and ineffective, and the assignment of a certificate of stock evidenced only by the delivery of the certificate without more, is equally ineffective as a gift.  (Sullivan v. Hess, 241 Pa. 407.)

The delivery of the deposit book to the defendant, without more, could hardly be said to have the force of an assignment.

Does the paper of February 23, 1912, have this force?  In view of the form in which it is executed, that is, with a seal, we cannot regard as unnecessary, as was suggested at the argument, the consideration of its character, whether testamentary or not.  For it is in form a sealed instrument.  And if its contents are such, as taken with the seal, would make it a deed, it would be at least a voluntary bond, and as such not subject to the ordinary rules governing gifts.  That is, the seal would import a consideration and immediate delivery of the property assigned would not be required for validity.  (Yard v. Patton, 13 Pa. 278;  Candor & Henderson's App., 27 Pa. 119;  Hummel's Est., 161 Pa. 215.)  Moreover, the question of the effect of fraud upon the wife would be involved, she occupying the position of a purchaser.  (Greiner's App., 103 Pa. 89.)  And in the absence of evidence of fraud, it would follow that if the paper is to be regarded as a voluntary bond, judgment should be entered for the defendant.

The character of the document must therefore be considered.  Is it a voluntary bond or is it of testamentary character?

"A gift after death is of the very essence of a will and determines a writing, whatever its form, to be testamen-

tary": Patterson v. English & Rickabaugh, 71 Pa. 454; Megary's Est., 206 Pa. 260.

The document referred to provides that it is to take effect "in the event of my death." It disposes of the balance of the deposit after payment of "my lawful debts and funeral expenses" and the "expenses of my last illness." In effect it was capable of revocation at any time by means of the right to withdraw the whole fund which the decedent reserved to himself. It vested no present interest in anyone but directed what was to be done after the maker's death. In other words, it had all of the earmarks of a testamentary paper. (Tozer et al. v. Jackson et al., 164 Pa. 373-383.) And such we believe is its character.

The fund should therefore pass to the administratrix for distribution through the Orphans' Court.

Verdict for plaintiff for $2,533.49 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in dismissing defendant's motion for judgment n. o. v.

*John W. Speckman,* for appellant.

*Joseph P. McCullen,* for appellee.

PER CURIAM, January 29, 1917:

The judgment is affirmed on the opinion of the learned court below dismissing the motion for judgment for defendant non obstante veredicto.

---

# Nydes *v.* Royal Neighbors of America, Appellant.

*Beneficial associations—Membership application—Physical condition—Misrepresentations — Death benefit — Uncontradicted oral evidence—Case for jury—New trials—Practice, Supreme Court.*

1. Where a case depends on oral testimony, although uncontradicted, such testimony must be submitted to the jury.