## Mardis, Administratrix, Appellant, *v.* Steen.

*Gift—Gift inter vivos—Delivery—Opening joint bank account —Joint tenancy—Act of March 31, 1812, 5 Sm. L. 395.*

1. To establish a gift inter vivos there must be an actual delivery of the subject-matter of the gift, such as to vest a present title in the donee.

2. Where manual delivery is not practicable, a transfer may be made by assignment or other writing or token, which will indicate a present intention to pass right of possession to the donee.

3. Since the Act of March 31, 1812, 5 Sm. L. 395, the mere fact that a joint ownership of property is created, does not, as a matter of law, give the survivor the entire ownership of the property. The parties may by agreement provide for such right of succession.

4. Where funds belonging to a man are deposited in a bank in the names of such person and a woman under an agreement under seal that the sum deposited shall be deemed to belong to the parties as joint tenants, and not as tenants in common, and that the bank shall deal with the survivor as sole and absolute owner thereof, a completed gift is made to the woman, and if she survives she is entitled to the fund.

5. The fact that the deposit was made at all times subject to the check of the other party, does not show that the gift was not complete.

Argued March 19, 1928. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 61, March T., 1928, by plaintiff, from judgment of C. P. Cambria Co., March T., 1927, No. 1,

for defendant n. o. v., in case of Ida O. Mardis, Administratrix of B. F. Mardis, otherwise Benjamin F. Mardis, deceased, v. Florence Steen, otherwise Florence M. Steen, otherwise Florence B. Steen. Affirmed.

Assumpsit for money had and received. Before MC-CANN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Philip N. Shettig,* with him *J. W. Leech* and *J. Russell Leech,* for appellant.—The funds in the account in bank remained the property of B. F. Mardis, he having continued his dominion over them to the time of his death: Flanagan v. Nash, 185 Pa. 41; Grady v. Sheehan, 256 Pa. 377; Tearpoak v. Tearpoak, 85 Pa. Superior Ct. 470.

*Jos. J. Kintner,* of *Stephens & Kintner,* for appellee, cited: Strause's Est., 75 Pa. Superior Ct. 276; Bailey's Est., 86 Pa. Superior Ct. 322; Gaffney's Est., 146 Pa. 49; Smith's Est., 144 Pa. 428; Leach's Est., 282 Pa. 545.

OPINION BY MR. JUSTICE FRAZER, April 12, 1928:

B. F. Mardis deposited in the First National Bank of Wilmerding, under date of June 2, 1924, the sum of $2,798.62, the signature card being in the name of "B. F. Morgan or Florence M. Steen"; it was admitted that the name "B. F. Morgan" was assumed for the purpose by Mardis. On the signature card there was also the following endorsement: "It is agreed and understood that any and all sums that may from time to time stand on this account, to the credit of the undersigned depositors, shall be taken and deemed to belong to them as joint tenants and not as tenants in common; and in

case of the death of either, the First National Bank is hereby authorized and directed to deal with the survivor as sole and absolute owner thereof.

"Witness our hands and seals this 30 day of May, 1924.
"Attest:

F. Floyd Askin.   B. F. Morgan (Seal)

F. Floyd Askin.   Florence M. Steen (Seal)."

Additional deposits were made in this account from time to time and at the death of Mardis, which occurred December 31, 1925, there was a total balance of $4,-614.45. A week following his death, Florence M. Steen withdrew this entire balance from the account and transferred it to a new account in her own name. Plaintiff, as administratrix of Mardis, began an action of assumpsit against Florence B. Steen, to recover the amount received by her, on the theory that the fund belonged to decedent and should, consequently, be accounted for through his estate. Defendant's affidavit of defense claimed ownership of the fund by right of survivorship. At the trial the court directed a verdict in favor of plaintiff, but subsequently entered judgment for defendant non obstante veredicto.

It seems to be conceded, and is so assumed in the opinion of the court below, that the fund in question belonged to Mardis, and the argument on behalf of appellant is based on the theory that nothing was done by Mardis which divested him of the control and dominion over the property, but that he at all times retained such title thereto as to preclude any theory of a gift inter vivos. It is familiar law that to establish a gift inter vivos there must be an actual delivery of the subject-matter of the gift, such as to vest a present title in the donee. Where manual delivery is not practicable, a transfer may be made by assignment or by other writing or token which will indicate a present intention to pass right of possession to the donee. Whether there was sufficient proof of a transfer of possession in this case so as to vest title in defendant

as survivor, must depend upon the construction of the writing on the signature card accompanying the bank deposit.

Since the Act of March 31, 1812, 5 Sm. L. 395, the mere fact that a joint ownership of property is created does not, as matter of law, give the survivor the entire ownership in the property; but it has been held that this legislation limited only the legal presumption which formerly followed, and placed no restriction on the freedom of the parties to provide by agreement or otherwise that the right of succession, which existed previous to the act, should apply. In other words, survivorship, as an incident of an estate held by joint tenants, is still lawful and the question is now one of intent, and no particular words are necessary except that the intent be expressed with sufficient clearness to overcome the presumption arising from the statute: Leach's Est., 282 Pa. 545, 549.

In Leach's Estate, supra, a brother and sister purchased a library for their joint use under an agreement that it should remain intact and be the property of the survivor of them. It was held that this agreement vested title in the survivor, and that no inheritance tax could be collected on the half owned by one who died, because it did not become part of the estate, but title vested directly by virtue of the original agreement.

The fact that the funds were at all times subject to the check of either party did not make the transaction subject to the objection that the gift was not complete, and it was said further in Leach's Est., page 548, and also McIntosh's Est., 289 Pa. 509, 511, that the mere power to sever a joint tenancy is not to be treated as a property right but is analogous to the right of revocation which does not alter the status of the parties.

The cases relied on by appellant to show the transaction here involved was a mere unexecuted gift inter vivos, are clearly distinguishable. In Flanagan v. Nash, 185 Pa. 41, where decedent had deposited money in the

joint name of herself and another under a stipulation that either or the survivor could withdraw the fund, it was held the transaction constituted neither a gift inter vivos nor a gift mortis causa. However, in that case, there was no evidence of an agreement, either oral or in writing, other than the mere fact of joint deposit. While it is true on the margin of the book, opposite the signatures of the depositors there were the words "either to draw" and the deposit book had stamped on it "either party to draw and in case of death of either of them the survivor shall have full power to withdraw the deposit as if the same had been duly transferred to such survivor," yet both of these memoranda were made by an officer of the bank without evidence that the notations were made pursuant to direction given by decedent. Grady v. Sheehan, 256 Pa. 377, was also a case of a deposit of a bank account in the joint names of decedent and his sister. The bank was given a paper stating that "either party to draw and in case of death of either of them the survivor shall have full power to withdraw the deposits as if the same had been duly transferred to such survivor." This was followed by the further statement by decedent "I hereby further declare that my intention in so doing is that in the event of my death my sister shall have full power to unconditionally withdraw the balance of said deposit and to absolutely retain and possess it for her own use and benefit, provided, however, that so much of it as may be necessary for the purpose shall be applied to the payment of my lawful debts and the expenses incidental to my last illness and burial." The court held this paper was testamentary in character, and consequently not effective to vest a present interest in the sister. In the opinion of the court below, affirmed by this court on appeal, it was said however (p. 379): "It may be conceded that the full control which one has over his personal property includes the

right to create such a joint ownership and survivorship either for a consideration or by gift."

In the present case we have, in addition to the fact of a joint account being opened, an express agreement creating a joint tenancy, and authorizing and directing the bank to deal with the survivor "as sole and absolute owner thereof." The agreement is under seal, which imports a consideration: Grady v. Sheehan, 256 Pa. 377, 380. Whether we view the transaction as a gift or as the creation of a joint ownership based on a valid consideration, it is an agreement which, under the decisions above mentioned, the parties had a right to make, and the language used in the memorandum accompanying the deposit expresses with sufficient clarity the intention to create a joint tenacy with right of survivorship.

The judgment is affirmed.