Reap, Executor, *v.* Wyoming Valley Trust Co.
(et al., Appellant). ·

Submitted April 14, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Richard B. Sheridan,* for appellant.

*E. F. McGovern,* for appellee.

PER CURIAM, May 12, 1930:

Defendant executor appeals from a declaratory judgment for plaintiff, entered by the court below.

Mary Gilligan had a saving fund account in a trust company at Wilkes-Barre; on March 12, 1919, after this account had been running for about five years, she lodged a writing with the trust company reading as follows: "Please add Miss Catherine Reap name on my deposit book No. 12782 and make the account to read: Money payable to either or the survivor of them." This paper was signed by Mary Gilligan and duly witnessed. The trust company then made the account payable to "Mary Gilligan or Catherine Reap either or survivor." Catherine Reap was the sister of Mary Gilligan. The latter died testate June 9, 1922, and defendant trust company, appellant, is her executor; the former died testate December 10, 1929, and plaintiff, to whom the fund in controversy was awarded, is her executor. At the time of the death of Mary Gilligan the deposits in the account, with interest, amounted to $9,445.32.

In Mardis v. Steen, 293 Pa. 13, a bank account was opened by Mardis. The signature card read in his name and that of Florence M. Steen; it stated that, "in case of the death of either, the......bank is hereby authorized and directed to deal with the survivor as sole and absolute owner." Mardis died and Steen withdrew the balance from the account. The administratrix of Mardis sued Steen "to recover the amount received by her on the theory that the fund belonged to decedent." Judgment for defendant was affirmed on appeal. There, as here, the argument on behalf of appellant was based on the theory that the original depositor retained such title to the funds in the bank account "as to preclude any theory of a gift inter vivos." In reply to this, we

said that, "Where manual delivery is not practicable, a transfer may be made by assignment or by other writing......which will indicate a present intention to pass right of possession to the donee," and that the writing in the case was sufficient to that end, because, whether the transaction was viewed as a gift or otherwise, "the language used in the memorandum accompanying the deposit expresses with sufficient clarity the intention to create a joint tenancy with the right of survivorship.

In Bailey's Est., 86 Pa. Superior Ct. 322, a bank account was opened to be withdrawn by "James R. Bailey or Margaret J. Bailey." After the death of one of these parties, the question arose as to the ownership of the funds in this account. The court found that "the deposits were made pursuant to a contract by decedent and his sister that, on the death of either, the survivor should take them." There, again, the appellant, representing the deceased depositor, contended that there was "no evidence of delivery to support a gift inter vivos," but the Superior Court said the contention was inapplicable, because the parties in interest were competent to agree that the sums deposited in the account should be "subject to the right of survivorship," and that "the declarations of the decedent, which were put in evidence, were sufficient to sustain the conclusion that he and his sister created a joint interest in themselves......with the right of survivorship."

In the present case we have the written declaration of Mary Gilligan that her sister Catherine was to have a joint interest in the account and that the money deposited therein was to be payable to either of them, and we have in evidence the fact that the account was maintained under this arrangement until Mary Gilligan's death, a period of more than three years. While the record does not expressly show acceptance of the arrangement by Catherine Reap, yet, under the circumstances, acceptance may be presumed: Sparks v. Hurley, 208 Pa. 166, 172.

Appellant contends that the above cited cases may be distinguished on their facts from the case now before us. Granting this to be measurably true, they are sufficiently like the one at bar to warrant the court below in applying the principles laid down in them to the facts here involved.

The judgment is affirmed.