## Hamer's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

402

*William M. Boenning,* for exceptant;   *Charles W. McConnell,* contra.

STEARNE, J., April 13, 1933. — The hearing judge correctly sustained the appeal from the assessment of transfer inheritance tax. A joint savings fund account was opened in a bank by two sisters. The contract, or signature card, read: "Deposited by [A and B], (sisters) joint owners, to be drawn by either of us or the survivor." Such a contract constituted the depositors joint tenants with the right of survivorship: Harbaugh's Estate, 16 D. & C. 320; Reap, Exec'r, *v.* Wyoming Valley Trust Co. et al., 300 Pa. 156. Because the transac-

tion was consummated prior to the Act of May 16, 1929, P. L. 1795, the provisions of that act do not apply: Baker's Estate, 17 D. & C. 7; Leach's Estate, 282 Pa. 545; McIntosh's Estate, 289 Pa. 509.

We are not convinced that the right of either sister to withdraw part or the whole of the fund affected the quality of the estate as joint tenants with right of survivorship as originally created. Indeed, in Harbaugh's Estate, supra, and Reap, Exec'r, v. Wyoming Valley Trust Co. et al., supra, this privilege was granted. Mardis, Admin'x, v. Steen, 293 Pa. 13, likewise holds that the right to withdraw by either party does not affect the quality of the joint estate. These decisions would seem to set at rest the argument of the able counsel for the Commonwealth that the right to withdraw severed the joint tenancy and created a tenancy in common. Nor need we consider, because of the above decisions, the argument that the situation is analogous to the case of a trust estate where the trustee or settlor has a power of appointment or revocation. In such cases *what* estate passes can only be determined at the death—the very estate itself—not solely the quantum. Here the estate is created and becomes effective at once. True it is that the quantum may be diminished or the fund extinguished before the death of one of the joint owners, but whatever is left passes to the survivor by virtue of the original estate created by the contract. Herein lies the distinction.

Finally, it is argued that the interest on the bank deposit at least is taxable. We are of opinion, however, that this is merely an increment or accretion to the original fund and constitutes no new estate.

The exceptions are dismissed and the appeal from the register is sustained.