## Mori's Estate.

262

Argued March 26, 1935. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Jas. L. Kennedy,* for appellant.

*Regis F. Mahady* and *Paul W. Mahady,* for appellee, were not heard.

Per Curiam, April 22, 1935:

Aldagonda Mori and her son, John Mori, each opened a savings account in the First National Bank of Latrobe in December of 1920. On October 2, 1923, they went to the bank together and requested that the accounts be changed so that withdrawals could be made from each account by either of them. The names in which the accounts were held were accordingly changed and the following agreement, signed by both parties, was written in each pass book: "The sums deposited in this account belong to Aldagonda Mori—John Mori jointly, it being understood each may withdraw on his or her individual order during their joint lives, and that any balance upon the death of either shall belong to the survivor." A similar agreement was placed on the back of the bank's identification cards and signed by the Moris in the same manner.

Aldagonda Mori died November 4, 1930. On January 13, 1931, a balance in the amount of $5,564.21 in the account which had originally been opened by his mother

was transferred by John Mori to the other account, the total in the latter account being thus raised to $14,517.57. From January 2, 1934, until the present time, the balance in this account has been $13,269.92. Appellant, administrator of the estate of Aldagonda Mori, on May 19, 1934, presented a petition to the court below asking that the proceeds of the account be brought into court and distribution made to the parties rightfully entitled thereto, the claim being made on behalf of other children of decedent. This appeal is from refusal of the petition.

It is obvious there is no semblance of merit in appellant's claim. The agreement creating joint accounts with the right of survivorship was freely entered into by both parties with knowledge of its effect and with adequate consideration. This case is ruled by Reap v. Wyoming Valley Trust Co., 300 Pa. 156, in which the facts were almost identical.

The decree is affirmed at appellant's costs.