Snoder, Appellant, *v.* Lenhart et al.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank R. Coder,* with him *Frank Coder, Jr.,* and *William L. Jacob,* for appellant.

*Paul E. C. Fike,* with him *Joseph N. Cascio* and *Fike & Cascio,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 22, 1949:

This appeal is from a decree of the court below dismissing a bill in equity to establish a trust in funds withdrawn from a joint savings account and for an accounting.

On April 16, 1946, William B. Lenhart, a childless widower then seventy-six years of age, sold his farm and farm equipment and deposited the net proceeds, amounting to $6,377.85, in a savings account at the Second National Bank of Connellsville, Pennsylvania, in his own name. Thereafter, on April 24, 1946, he executed an application in the usual form directing the bank to transfer the account, identified as Book No. 14025, to himself, his brother, Harry Lee Lenhart, and his nephew, Robert Lenhart, son of Harry Lee Lenhart, as joint tenants with right of survivorship. Forty days later, on June 4, 1946, William B. Lenhart died, and on January 10, 1947, the bank paid the balance in the account, amounting to $6,532.50, to Harry Lee Lenhart and Robert Lenhart, as the owners.

On June 4, 1947, Mabel F. Snoder, niece of William B. Lenhart, filed this bill in equity to have Harry Lee Lenhart and Robert Lenhart declared trustees and to compel them to account for the fund as part of William B. Lenhart's estate. After hearing on Bill and Answer the chancellor entered a decree nisi dismissing the bill.

Exceptions filed by Mabel F. Snoder were dismissed and the decree *nisi* was entered as a final decree. She now appeals, contending that Harry Lee Lenhart and Robert Lenhart stood in a confidential relation to William B. Lenhart, which imposes upon them the burden of proving that the creation of the joint account was his free, voluntary and intelligent act, and that they failed to meet that burden.

The decree must be affirmed. On the issue of confidential relationship appellant's evidence is weaker than that relied upon in *Gerner v. Kespelher*, 351 Pa. 649, 41 A. 2d 860, where this Court reversed the decree of the court below, based on a finding that a confidential relation existed, because (p. 652) all the evidence disclosed was "that an elderly woman by her own written and signed instruments gave to her son, who had previously represented her in some business transactions, a joint interest in shares of a savings and loan association purchased with her funds, with the provision that the shares should belong to him absolutely upon her death." Considered in its most favorable light the evidence here relied upon merely discloses that a man seventy-six years of age, by his own signed and written instrument, gave a joint interest in a savings account to his brother, who had assisted him in negotiating the sale of his farm acting under a special power of attorney, and to his nephew, with a provision that the account should belong to them upon his death.

While it appears that decedent was hospitalized from February 1, 1946 to March 1, 1946, suffering from cancer, it is not denied that his signature authorizing creation of the joint account was in his handwriting and there is no evidence in the record to warrant an inference that he suffered any impairment of will or mind. A Mrs. Upton, housekeeper in the home of Harry Lee Lenhart, where decedent resided following his discharge from the hospital on March 1, 1946 until his death, testified

that decedent had talked to her "at different times, when nobody was around," stating that "he wanted the money to go into the bank so that his brother and Robert would have it," and that the signature card creating the joint account was signed at decedent's request, in her presence, in the dining room of the Harry Lee Lenhart home.

Since the application for the creation of the joint account was admittedly signed by the decedent, and appellant failed to prove a confidential relation shifting the burden of proof to appellees, there is a presumption that the transaction was his voluntary act: *Mardis v. Steen*, 293 Pa. 13, 141 A. 629; *Mader v. Stemler*, 319 Pa. 374, 179 A. 719. No evidence whatever was offered to rebut this presumption and it therefore prevails: *Gerner v. Kespelher*, supra, 651.

Decree affirmed. Costs to be paid by appellant.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

In my opinion, facts of record in this case, which the majority opinion does not recite, clearly establish (see *McCown v. Fraser*, 327 Pa. 561, 565, 192 A. 674, and cases there cited) that the respondent, Harry Lee Lenhart, stood in a confidential relation to his brother William from February 9, 1946, when the latter (then painfully and fatally ill) executed a general power of attorney in Harry's favor, until William's ensuing death on June 4, 1946; and that, accordingly, the court below should have imposed on Harry, upon question by William's only other heir (a daughter of his deceased sister), the legal duty of establishing the *bona fides* of the transaction on April 24, 1946, whereby Harry acquired for himself and his son, by right of survivorship, the balance ($6,532.50) then standing to William's credit at bank, the same being substantially his entire

estate. As the court below dismissed the niece's bill in equity, on the ground that she had failed to prove the transaction fraudulent, I would reverse the decree and remand with a *procedendo* in order that a hearing on the complaint might be had at which the burden of proof would properly be placed on the right party.