Opinion by
 

 Ross, J.,
 

 This is an equity action involving ownership of the same- savings account which was first before us in
 
 Smith’s Estate,
 
 141 Pa. Superior Ct. 571, 15 A. 2d 523, in which we held that the Orphans’ Court had no jurisdiction to determine the ownership of the account.
 

 Subsequently, Dessie Glessner, as executrix of the Estate of Archie Smith, alias Charles Jones, deceased, and as legatee under his will, filed this bill in equity to determine ownership of the savings account. The lower court determined ownership to be in Thomas Shreve, the appellee, by virtue of the right of survivorship in a joint account which had been created by agreement of the
 
 *568
 
 parties, the court holding that the execution of the agreement created a gift inter vivos. The plaintiff, Dessie Glessner, appealed to this Court and we reversed the lower court, remitting the record “with directions to the court below to consider the acts and declarations of the decedent in determining the ownership of the fund.” The lower court after following our instructions again found ownership to be in Shreve, and the plaintiff took the present appeal.
 

 On August 13, 1937, Charles Jones opened a savings account in the Security-Peoples Trust Company of Erie, depositing $1850.00. On January 11,1938, accompanied by Thomas Shreve, he called at the Trust Company and there they executed, on the reverse side of the signature card which had been executed at the time of the original deposit on August 13,1937, an agreement concerning the ■savings account which is as follows: “Joint Account-Payable to Either or Survivor” “We, the undersigned depositors agree that any money placed in this bank account shall be deemed to belong to .us as joint tenants and not as tenants in common subject to check by either of us; and in case of the death of either, the Security-Peoples Trust Company is hereby authorized and directed to deal with the survivor as sole and absolute owner thereof.”
 

 The former appeal is reported in 156 Pa. Superior Ct. 56, 39 A. 2d 165, and because the facts of the case are fully set forth therein, we deem it unnecessary to repeat them in detail.
 

 In
 
 Reap v. Wyoming Valley Trust Co.,
 
 300 Pa. 156, 150 A. 465, where a depositor requested her bank, in writing, to add another name to her individual account and make the “money payable to either or the survivor of them,” the Supreme Court, relying on and quoting from
 
 Mardis v. Steen,
 
 293 Pa. 13, 141 A. 629, held that “whether the transaction was viewed as a gift or other
 
 *569
 
 wise, ‘the language used in the memorandum accompanying the deposit expresses with sufficient clarity the intention to create a joint tenancy with the right of survivorship’.” Even where one contributes the entire sum to a joint bank account, the rights of each joint tenant are the same; the one who made the contribution has by that act made an immediate gift to the other.
 
 Mader v. Stemler,
 
 319 Pa. 374, 179 A. 719;
 
 Culhane’s Estate,
 
 133 Pa. Superior Ct. 339, 2 A. 2d 567, affirmed 334 Pa. 124, 5 A. 2d 377. Hence what one tenant acquires on the death of the other, where there áre two joint tenants, as in this case, is the right to immediate possession, ownership and enjoyment of the entire fund.
 
 Cochrane’s Estate,
 
 342 Pa. 108, 20 A. 2d 305. In this case, the agreement of January 11, 1938, on the signature card is prima facie evidence of a gift by Jones to Shreve.
 
 Dempsey v. First National Bank of Scranton,
 
 359 Pa. 177, 58 A. 2d 14.
 

 In the former appeal (156 Pa. Superior Ct. 56, supra) after reviewing the evidence, we stated at page 62, “From January 13, 1938 to May 1, 1939, except on one occasion, every transaction relating to this account was the act of the decedent and indicated decedent’s belief in his right of control and dominion over the account and that the placing of the account in their joint names was merely a convenience in the withdrawal of the funds”; but we, also, stated immediately following, “True, these acts are also consistent with decedent’s intention to establish a joint account with the right of survivorship, . . .” In other words, the evidence would sustain a finding by the chancellor that the decedent at the time he created the joint account intended to make a gift inter vivos to Shreve, or a finding that he did not so intend. We reversed the decree and remitted the record not because the evidence would not support the finding made by the court below, but
 
 solely
 
 on the
 
 *570
 
 ground that “in determining what was the intention of the decedent, his acts and declarations subsequent should have been considered by the court below in reaching its conclusion.”
 

 Thomas Allen, a witness for the plaintiff, testified that the decedent, referring to the money in the joint account, said, “I have given Mr. Shreve power of attorney. He can draw the money out of the bank in case I need it.” Otis Gflessner, husband of the plaintiff, testified that the decedent said to him, “I have taken Tom down there and arranged with the bank so that he could draw out money if I needed it and send it to me if I was away some place.” Seymour Smith testified that decedent told him that “the money in the bank was put in a joint account with himself and Tom Shreve so if anything happened and he needed money Tom would draw it and send it to him.” This testimony, of course, would support the plaintiff’s contention that the joint account was created for the convenience of the decedent in withdrawing funds. Plowever, its weight and probative value and the credibility of the witnesses were for the court below.
 

 The findings of the chancellor, affirmed by the court en banc, are supported by evidence of the required quality and consequently will not be disturbed on appeal.
 
 Kahan v. Greenfield,
 
 165 Pa. Superior Ct. 148, 67 A. 2d 567;
 
 Elias v. Scott,
 
 164 Pa. Superior Ct. 329, 64 A. 2d 508. “The findings of a chancellor, based on evidence and approved by the court below, must be given the same weight as the verdict of a jury and will not be disturbed on appeal”:
 
 Weber v. Kline,
 
 293 Pa. 85, 89, 141 A. 721.
 

 The decree of the court below is affirmed at the cost of appellant.