## Balas et al. v. Kasper et al.

*Benjamin R. Jones*, for complainants.

*Johnston & Pope*, for defendants.

FLANNERY, J., April 24, 1951.—Plaintiffs filed a bill in equity demanding from defendants a complete accounting with respect to certain funds withdrawn by them from a savings account in the First National Bank of Ashley, Pa., and seeking to have them declared trustees with respect to one third of those funds for the benefit of plaintiffs.

The matter came before the court upon preliminary objections.

In considering preliminary objections in equity the averments of the bill must be accepted as true and the question to be decided is whether or not, under the facts averred, plaintiffs are entitled to recover as a matter of law: Naffah v. City Deposit Bank et al., 339 Pa. 157.

Defendants are daughters of one Mary Balas, now deceased, and plaintiffs are children of a deceased son of Mary Balas. On September 22, 1942, Mary Balas opened a savings account in her own name at the First National Bank of Ashley, Pa. On July 24, 1946, she and defendants called at the bank where a joint signature card was signed, containing the signatures of Mary Balas and defendants. A copy of the card is attached to the bill of complaint as exhibit A. The agreement contained on the signature card reads as follows:

## "JOINT ACCOUNT—PAYABLE TO EITHER OR SURVIVOR

"Is is agreed and understood that any and all sums that may from time to time stand on this account, to the credit of the undersigned depositors, shall be taken and deemed to belong to them as joint tenants and not as tenants in common; while both tenants are living, either may draw and in case of the death of either, this Bank is hereby authorized and directed to deal with the survivor as sole and absolute owner thereof.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

"Payment to or on check of the survivor shall be subject to laws relating to both Federal and State inher-

itance and succession taxes and all rules and regulations made pursuance thereto.

"Witness our hands and seals this 24 day of July, 1946.

"Witness:

"/s/ M. J. Papson    "/s/ Mary Balas    (SEAL)
"/s/ M. J. Papson    "/s/ Mary Kasper    (SEAL)
"/s/ M. J. Papson    "/s/ Anna C. Kotalik (SEAL)"

On October 30, 1946, Mary Balas made a will, probated on June 8, 1950, which contained a provision that the balance in the account at the First National Bank of Ashley, Pa., to which the names of defendants had been added, was to be divided between defendants and plaintiffs, one third to each of defendants, and the remaining one third to plaintiffs jointly. After the death of Mary Balas defendants withdrew from this account the entire balance amounting to $2,471.36.

Plaintiffs contend that under the terms of the will of Mary Balas, deceased, they have a one third interest in the balance, while it is the contention of defendants that the signature card executed by decedent and defendants constituted a joint tenancy with right of survivorship and that nothing contained in the will could deprive defendants of their right to the entire fund upon the death of Mary Balas. Defendants must prevail.

Although the Act of March 31, 1812, 5 Sm. L. 395, seems to have abolished the survivorship feature of joint tenancies in Pennsylvania, the courts have held that the act merely changed the presumption which formerly obtained: Mardis, Administratrix, v. Steen, 293 Pa. 13. The mere fact that a joint ownership of property is created—and this may be done in personalty as well as realty (Mader et al. v. Stemler et al., 319 Pa. 374)—does not, as a matter of law, give the survivor the entire ownership in the property, but it has been held that the act of the legislature limited only the legal

presumption which formerly followed, and placed no restriction on the freedom of the parties to provide, by agreement or otherwise, that the right of succession which existed previous to the act should apply. Accordingly, the right of survivorship may be expressly created or it may arise by necessary implication. Thus, survivorship as an incident of an estate held by joint tenants is still lawful and may be validly created despite the Act of 1812, supra: Mardis v. Steen, supra.

In that case, which is a leading authority on the subject, it was held that the writing on a signature card accompanying a joint bank deposit was sufficient of itself to support a valid gift inter vivos and to create a joint tenancy with the right of survivorship. There the Supreme Court concluded, at page 18, as follows:

"In the present case we have, in addition to the fact of a joint account being opened, an express agreement creating a joint tenancy, and authorizing and directing the bank to deal with the survivor 'as sole and absolute owner thereof'. The agreement is under seal, which imports a consideration: Grady v. Sheehan, 256 Pa. 377, 380. Whether we view the transaction as a gift or as the creation of a joint ownership based on a valid consideration, it is an agreement which . . . the parties had a right to make, and the language used in the memorandum accompanying the deposit expresses with sufficient clarity the intention to create a joint tenancy with right of survivorship."

Also at page 15 it was there stated:

". . . It is familiar law that to establish a gift inter vivos there must be an actual delivery of the subject-matter of the gift, such as to vest a present title in the donee. Where manual delivery is not practicable, a transfer may be made by assignment or *by other writing* or token which will indicate a present intention to pass right of possession to the donee." (Italics supplied.)

To the same effect, see Reap, Executor, v. Wyoming Valley Trust Co. et al., 300 Pa. 156; Cochrane's Estate, 342 Pa. 108.

In the case at bar we have, in addition to the fact of a joint account being opened, an express agreement creating a joint tenancy and authorizing and directing the bank to deal with the survivor "as sole and absolute owner thereof".

What is the effect of the agreement prepared by the First National Bank of Ashley, Pa., and signed by Mary Balas and her two daughters, defendants herein? The bank agreed to repay the deposit to either on demand. Its original obligation was a chose in action. As between the mother and the two daughters, the mother transferred to them an interest in the chose— an interest in the right to receive payment from the bank; she expressed her donative purpose; as part of the evidence of intention she executed and delivered the agreement creating a joint interest with the right of survivorship.

This account being a joint tenancy with right of survivorship there remains to consider only the effect, if any, of the will upon such joint tenancy. In the case of Cochrane's Estate, supra, it was there held that the survivor takes immediately upon the death of one the right to immediate possession, ownership and enjoyment of the entire fund as of the time of the inception of the joint tenancy. The interests of joint tenants are equal. They own the half or part and the whole, per my et per tout. Accordingly, the joint tenancy being prior in point of time to the effective date of the will, the will can have no effect on the right of survivorship.

A review of the authorities in this Commonwealth on the proposition as to what effect a will has on a joint tenancy with right of survivorship, indicates that the question has been very seldom decided. However, the

very old case of Duncan v. Forrer, 6 Binney 192 (Pa., 1813), is directly on point with the case at bar. In that case plaintiff and one Patterson bought some property as joint tenants with right of survivorship, but in his will Patterson endeavored to bequeath his one half interest in the property. The Supreme Court said that if the joint tenancy was not severed in the lifetime of Patterson, his will could not operate upon it, nor defeat the jus accrescendi. This case was never cited until 1925 when the case of Hoffert v. Bastian et al., 54 D. & C. 146, held that the will of decedent was inoperative as far as the rights of the survivor were concerned. In that case, premises were conveyed to A and B "as tenants by the entireties with the right of survivorship". The grantees were Laura T. Schwoyer and Lillian M. Gernerd (now Lillian M. Hoffert). Laura T. Schwoyer died, testate, having made a will dated after the conveyance to her and Lillian M. Hoffert. In the will she directed that her one half of the premises should be sold and certain distribution made of the proceeds. The court held that even though the grantees were designated as tenants by the entireties, the intention was to create a joint tenancy with right of survivorship. The court further held that the will of decedent was inoperative as far as the rights of the survivor were concerned because such rights date from the date of the creation of the joint tenancy. Each joint tenant holds the whole from the beginning. The learned judge also quotes from 2 Blackstone 653, sec. 185, as follows:

" 'But a devise of one's share by will is no severance of the jointure for no testament takes effect till after the death of the testator, and by such death the right of the survivor (which accrued at the original creation of the estate, and has therefore a priority to the other) is already vested' ": Hoffert v. Bastian et al., supra, at page 151.

Accordingly, now, April 24, 1951, preliminary objections are sustained and bill of complaint dismissed.